UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG L. W.,[1]<br><br>             Plaintiff,<br><br>      v.<br><br>ANDREW SAUL, Commissioner of Social Security Administration,<br><br>             Defendant. | Case No. 2:19-cv-09298-JC<br><br>MEMORANDUM OPINION<br><br>[DOCKET NOS. 16, 17] |

**I.   SUMMARY**

On October 29, 2019, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of his application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), to which defendant filed an opposition ("Defendant's

///

---

[1] Plaintiff's name is partially redacted to protect his privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Opposition"). The Court has taken the matter under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 25, 2016, plaintiff filed an application for Supplemental Security Income, alleging disability beginning on July 1, 2014, due to diabetes, arthritis, nerve damage, gout, back problems, high blood pressure and cholesterol, headaches, stress, depression, and other conditions. (Administrative Record ("AR") 139-43, 156). On November 19, 2015, an ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), along with medical experts Glen Griffen, Ph.D., and Harvey Alpern, M.D., and vocational expert June C. Hagen ("VE"). (AR 31-45). At the hearing, plaintiff amended his alleged disability onset date to September 1, 2017. (AR 36).

On November 1, 2018, the ALJ determined that plaintiff has not been disabled since September 1, 2017, the amended alleged onset date. (AR 15-26). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spinal area, diabetes, hypertension, left wrist tendonitis, and obesity (AR 17); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 18); (3) plaintiff retained the residual functional capacity ("RFC") to perform a reduced range of light work (20 C.F.R. § 404.1567(b)), "but with no more than occasional postural activities and no more than occasional gross handling with the left upper extremity" (AR 20); (4) plaintiff could not perform any past relevant work (AR 24); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform,

specifically "sales attendant," "surveyor worker," and "ticket taker." (AR 24-25); and (6) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 20).

On September 13, 2019, the Appeals Council denied plaintiff's application for review. (AR 1-3).

### III. APPLICABLE LEGAL STANDARDS

#### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). To be considered disabled, a claimant must have an impairment of such severity that he is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the RFC to perform past relevant work (step 4). Burch v. Barnhart, 400

F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id.

      **B.**      **Federal Court Review of Social Security Disability Decisions**

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely."

Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV. DISCUSSION

Plaintiff's sole contention is that the ALJ erred in relying on the VE's testimony, at step five, because the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (Plaintiff's Motion at 4-10). For the reasons stated below, the Court concludes that a reversal or remand is not warranted.

### A. Pertinent Law

At step five, the Commissioner must prove that other work exists in "significant numbers" in the national economy which could be done by an individual with the same RFC, age, education, and work experience as the claimant. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 404.1520(a)(4)(v) & (g), 404.1560(c), 416.920(a)(4)(v) & (g), 416.960(c); Heckler v. Campbell, 461 U.S. 458, 461-62 (1983); see Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (describing legal framework for step five) (citations omitted).

One way the Commissioner may satisfy this burden is by obtaining testimony from an impartial vocational expert (alternatively, "VE") about the type of work such a claimant is still able to perform, as well as the availability of related jobs in the national economy. See Gutierrez v. Colvin, 844 F.3d 804, 806-

07 (9th Cir. 2016) (citation omitted); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1100-01).  When a vocational expert is consulted at step five, the ALJ typically asks the VE at the hearing to identify specific examples of occupations that could be performed by a hypothetical individual with the same characteristics as the claimant.  Zavalin, 778 F.3d at 846 (citations omitted); Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012) (citations omitted).  The VE's responsive testimony may constitute substantial evidence of a claimant's ability to perform such sample occupations so long as the ALJ's hypothetical question included all of the claimant's limitations supported by the record.  See Hill, 698 F.3d at 1161-62 (citations omitted); Robbins v. Soc. Sec. Admin., 466 F.3d 880, 886 (9th Cir. 2006) (citation omitted).

A VE's testimony generally should be consistent with the DOT.[2]  See Lamear v. Berryhill, 865 F.3d 1201, 1205 (9th Cir. 2017) ("Presumably, the opinion of the VE would comport with the DOT's guidance."); see generally Gutierrez, 844 F.3d at 807 (DOT "guides the [ALJ's] analysis" at step five).  To the extent it is not – *i.e.*, the VE's opinion "conflicts with, or seems to conflict with" the DOT – an ALJ may not rely on the VE's testimony to deny benefits at step five unless and until the ALJ has adequately resolved any such conflict. Gutierrez, 844 F.3d at 807 (citing Social Security Ruling ("SSR") 00-4P, 2000 WL 1898704, at *2 (2000)); Rounds, 807 F.3d at 1003-04 (citations omitted); SSR 00-4p, 2000 WL 1898704, at *4 ("When vocational evidence provided by a VE [ ] is

---

[2]The DOT, which is compiled by the U.S. Department of Labor, "details the specific requirements for different occupations," and is the Social Security Administration's "'primary source of reliable job information' regarding jobs that exist in the national economy." Gutierrez, 844 F.3d at 807; Zavalin, 778 F.3d at 845-46 (citing Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990)); see also 20 C.F.R. §§ 404.1566(d)(1), 404.1569, 416.966, 416.969.  Neither the DOT nor a VE's opinion, however, "automatically 'trumps'" where there is a conflict. Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) (quoting Social Security Ruling 00-4p) (internal quotation marks omitted).

not consistent with information in the DOT, the [ALJ] must resolve [the] conflict before relying on the VE [ ] evidence to support a determination or decision that the individual is or is not disabled."). In each case where VE testimony is used, an ALJ generally must affirmatively (1) ask the VE whether there is a conflict between the expert's opinions and the DOT requirements for a particular occupation; (2) "obtain a reasonable explanation for any apparent conflict"; and (3) explain in the decision how the ALJ resolved any such conflict. Massachi, 486 F.3d at 1152-53 (quoting SSR 00-4p).

An ALJ need only resolve those conflicts that are "apparent or obvious." Gutierrez, 844 F.3d at 807-08. A conflict is "apparent or obvious" only when VE testimony is "at odds with" DOT requirements that are "essential, integral, or expected" for a particular occupation. Id. at 808. The extent to which an ALJ must scrutinize a VE's opinions is highly "fact-dependent." Lamear, 865 F.3d at 1205 (citation omitted). For example, "less scrutiny" is required where the VE has identified a representative occupation that is "familiar" (*e.g.*, "cashiering"). Gutierrez, 844 F.3d at 808. In such cases, an ALJ may be able to resolve a potential conflict without inquiring further of the VE – *i.e.*, based on "common experience" that it is "likely and foreseeable" that a claimant with certain limitations would still be able to perform all of the "essential, integral, [and] expected" requirements the DOT described for the particular occupation. See, e.g., id., at 807-08 (*e.g.*, no "apparent or obvious conflict" between DOT listing for "cashier" occupation which requires "frequent reaching" and VE's testimony that claimant could still work as a cashier despite her inability to reach above shoulder level with her right arm, given how "uncommon it is for most cashiers to have to reach overhead" at all).

Conversely, where a representative occupation is "more obscure," ordinarily an ALJ would not be able to resolve an apparent conflict at step five based solely on "common experience," but instead would need to ask the VE to provide a more

7

detailed explanation for the apparently conflicting opinion. Lamear, 865 F.3d at 1205 (footnote omitted).

B.    **Relevant Background**

At the hearing, medical expert Dr. Alpert testified that plaintiff "would be at a light [RFC] with occasional posturals," and "handling of the left hand would be gross handling occasional . . . ." (AR 38). Plaintiff testified that he is right-handed. (AR 38). The ALJ then asked the VE whether "a hypothetical individual with the limitations that the doctor just identified," and of plaintiff's age, education, and background, would be able to perform any jobs in the national and regional economy. (AR 40). The VE responded with three such jobs: sales attendant (DOT 299.677-010); surveyor worker (DOT 205.367-054); and ticket taker (DOT 344.667-010). (AR 40-41). Regarding these jobs, the VE stated, "I believe that most of the handling would be with the dominant [hand] primarily." (AR 40-41).

In the decision, the ALJ's assessment of plaintiff's RFC mirrors that of Dr. Alpert – that plaintiff can perform light work, "but with no more than occasional postural activities and no more than occasional gross handling with the left upper extremity." (AR 20). The ALJ then relied on the VE's testimony, at step five, to conclude that plaintiff is not disabled because he can perform the work of a sales attendant, surveyor worker, and ticket taker, which exist in substantial numbers in the national economy. (AR 24-25).

C.    **Analysis**

Plaintiff contends that the VE's testimony conflicted with the DOT, and the ALJ failed to address this conflict.[3] (Plaintiff's Motion at 8-10). As plaintiff points out, the jobs listed by the VE all require frequent handling, according to the

---

[3] Plaintiff does not dispute that the ALJ properly assessed plaintiff's limitations in the RFC and presented them in the hypothetical to the VE.

8

DOT.  See DOT 299.677-010, 1991 WL 672643 (sales attendant); DOT 205.367-054, 1991 WL 671725 (survey worker); DOT 344.667-010, 1991 WL 672863 (ticket taker).  Plaintiff contends that this requirement conflicts with plaintiff's RFC limitation to "no more than occasional gross handling with the left upper extremity." (Plaintiff's Motion at 8; AR 8).  As support, plaintiff cites Lamear, where the Ninth Circuit determined that the VE testimony presented an "apparent and obvious" conflict with the DOT, triggering the ALJ's duty to inquire further, as the court could not "say that, based on common experience, it is likely and foreseeable that an office helper, mail clerk, or parking lot cashier with limitations on his ability to 'handle, finger and feel with the left hand' could perform his duties," where such duties included "opening and sorting mail, stuffing envelopes, distributing paperwork, and counting change."  865 F.3d at 1205.  Plaintiff argues that the ALJ here failed to fulfill his duty to inquire further and support the deviation from the DOT.  (Plaintiff's Motion at 8-10).

The Court disagrees.  The VE's testimony did not present any "apparent or obvious" conflict with the DOT, as it is not "at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." Gutierrez, 844 F.3d at 808.  Plaintiff disputes this by pointing, for example, to the fact that the sales attendant job requires inventory stocking and arranging merchandise. (Plaintiff's Motion at 8-9).  However, most of the duties listed in the DOT for these three occupations do not reasonably seem to require bilateral handling.  The DOT states that a sales attendant:

> Performs any combination of following duties to provide customer service in self-service store:  Aids customers in locating merchandise. Answers questions from and provides information to customer about merchandise for sale.  Obtains merchandise from stockroom when merchandise is not on floor. Arranges stock on shelves or racks in sales area.  Directs or escorts customer to fitting or dressing rooms or

1     to cashier.  Keeps merchandise in order.  Marks or tickets
2     merchandise.  Inventories stock.
3 DOT 299.677-010, 1991 WL 672643.  The DOT states that a survey worker:
4     Interviews people and compiles statistical information on topics, such
5     as public issues or consumer buying habits:  Contacts people at home
6     or place of business, or approaches persons at random on street, or
7     contacts them by telephone, following specified sampling procedures.
8     Asks questions following specified outline on questionnaire and
9     records answers.  Reviews, classifies, and sorts questionnaires
10     following specified procedures and criteria.  May participate in
11     federal, state, or local population survey and be known as Census
12     Enumerator (government ser.).
13 DOT 205.367-054, 1991 WL 671725.  Finally, the DOT states that a ticket taker:
14     Collects admission tickets and passes from patrons at entertainment
15     events:  Examines ticket or pass to verify authenticity, using criteria
16     such as color and date issued.  Refuses admittance to patrons without
17     ticket or pass, or who are undesirable for reasons, such as intoxication
18     or improper attire.  May direct patrons to their seats.  May distribute
19     door checks to patrons temporarily leaving establishment.  May count
20     and record number of tickets collected.  May issue and collect
21     completed release forms for hazardous events, and photograph patron
22     with release form for permanent records file.  May be designated Gate
23     Attendant (amuse. & rec.) or Turnstile Attendant (amuse. & rec.)
24     when collecting tickets at open-air event.
25 DOT 344.667-010, 1991 WL 672863.  Unlike with the job duties at issue in
26 <u>Lamear</u> (such as opening and sorting mail or stuffing envelopes), common
27 experience suggests that the majority of the duties listed here – such as directing
28 or escorting customers and patrons, interviewing people, marking merchandise,

reviewing surveys, and receiving, issuing, or examining tickets and passes – would be done primarily with the dominant hand, which is consistent with the VE's testimony that she "believe[d] that most of the handling would be with the dominant [hand] primarily."[4]  (AR 40-41).  Because there was no apparent conflict between the VE's testimony and the DOT, the ALJ had no duty to inquire further.  See Gutierrez, 844 F.3d at 808-09.

Plaintiff additionally contends that the ALJ erred by failing expressly to inquire whether the VE's testimony deviated from the DOT.  (Plaintiff's Motion at 9-10).  However, the failure to do so is harmless error where there is no actual conflict or the VE provides sufficient support to justify any conflicts or variation from the DOT.  Massachi, 486 F.3d at 1154 n.19.

Accordingly, plaintiff has failed to demonstrate any material error in the ALJ's reliance on the VE's testimony at step five.  The ALJ properly relied on the VE's testimony, which constituted substantial evidence in support of the decision.  See Hill, 698 F.3d at 1161-62; Robbins, 466 F.3d at 886.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is AFFIRMED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 8, 2020

                                            /s/
                             Honorable Jacqueline Chooljian
                             UNITED STATES MAGISTRATE JUDGE

---

[4] Moreover, the VE clearly recognized that plaintiff's handling limitation would conflict with other occupations, as she testified that plaintiff would not be able to perform past work as a stock clerk and housekeeper "[b]ecause of the handling." (AR 40).